PRYOR *v.* STATE.

(Division B. Feb. 29, 1932.)

[139 So. 850. No. 29574.]

Chas. S. Mitchell, of Tupelo, for appellant.

604

**W. D. Conn**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of a violation of section 207, chapter 88, Laws 1930, which levies, and requires the payment of, a privilege license tax, as follows:

"*Vendors, Transient, of Fruit and Vegetables.*—Upon each person (whether principal or agent) going from person to person or from dealer to dealer and selling fruits and/or vegetables and making delivery thereof at the time of the sale, two hundred dollars.

"But this tax shall not apply to any farmer (or his agents) when selling anything produced, grown, raised, bottled and/or manufactured by such farmer himself or on his farm."

It is the contention of appellant that the aforesaid section of the privilege tax laws is unconstitutional and void, because, as appellant argues, the classification thereby made is unreasonable and arbitrary, and that the amount of the privilege tax demanded is exorbitant, confiscatory, and prohibitive. After careful attention to the arguments made, we are constrained to reject the contentions so earnestly pressed upon us by appellant.

It is so well settled as to be beyond admissible dispute that the business of peddling, hawking, or the transient vending of merchandise possesses distinguishing characteristics of such a substantial nature as to enable legislative authority to place the business into a class and to legislate upon it as a class both in the matter of license fees and in measures of police regulation. In the matter of the license fees, it is always competent to fix these at an amount which will bring this class into some fair equality in respect to their share of the general taxation in the community, and particularly as compared with the contributions to the general tax burden which is borne by those with whom these transient vendors come into competition. Now, as to these vendors of fruits and vegetables, with whom do they come into competition? In a large measure, it is with the farmers who live and labor in the vicinity or within reach of the towns and cities. And every farmer is burdened with a load of ad valorem taxes which he is forced to meet each year, and often the money which he obtains with which to pay these taxes is earned in whole or in part by the sale from place to place and from house to house in the towns and cities of the fruits and vegetables that he has grown on his farm. Shall it be permitted that transients who may come from any-

where and who pay no local ad valorem taxes shall enter into this competition and pay no sizable privilege taxes for so doing? If so, how long would these markets be availably open to the local farmer? Under the statute here brought into question, a transient can pay two hundred dollars and with modern automotor equipment can go into competition with every farmer in the county, many of whom annually pay, each, largely more in amount of taxes than the sum of two hundred dollars, and all of them in the aggregate pay taxes running into thousands of dollars. This is enough to sustain this statute, without entering upon other considerations which would lead to the same result, and we therefore do not prolong the discussion.

Affirmed.